# Composite Exhibit A

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>Lucille Rubin</u>
Plaintiff                                                      Case # _____
                                                               Judge _____

vs.

Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

### III.    TYPE OF CASE        (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☒ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT A CERTIFIED COPY

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☐ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  2

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☐ no
    ☒ yes If "yes," list all related cases by name, case number, and court.
    50-2021-CP-004302-XXXX-MB and 50-2021-CP-001979-XXXX-MB

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Peter J Forman        Fla. Bar # 180360
        Attorney or party            (Bar # if attorney)

Peter J Forman           10/19/2021
  (type or print name)          Date

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

LUCILLE RUBIN, as sole officer and director, and a member, of the Walter and Lucille Rubin Foundation Inc.,

CASE NO. _____

CIVIL DIVISION

Plaintiff,

vs.

RONALD L. RUBIN, individually and as purported member and director of the Walter and Lucille Rubin Foundation Inc. and DARRELL (a/k/a DARYL) HORN, individually and as purported director of the Walter and Lucille Rubin Foundation Inc.

Defendants.
_____/

## **COMPLAINT**

COMES NOW, LUCILLE RUBIN, as sole officer and director, and a member, of the Walter and Lucille Rubin Foundation Inc. ("Plaintiff"), by and through her respective undersigned counsel, files this Complaint against Defendants RONALD L. RUBIN, individually and as purported member and director of the Walter and Lucille Rubin Foundation Inc. and DARRELL (a/k/a DARYL) HORN, individually and as purported director of the Walter and Lucille Rubin Foundation Inc. ("Defendants"), and in support thereof, states as follows:

## **GENERAL ALLEGATIONS**

1.     This is an action seeking injunctive and declaratory relief against Defendants.

Lucille Rubin et al. vs. Ronald L. Rubin, et. al.

.

2.      Jurisdiction and venue are proper in Palm Beach County, Florida because the Foundation's office is in this County.  This court has jurisdiction under section 86.011, Fla. Stat.

3.      There are currently two related matters pending in Palm Beach County, Florida regarding similar matters and parties – Case Numbers 50-2021-CP-004302-XXXX-MB and 50-2021-CP-001979-XXXX-MB

4.      Plaintiff is a resident of Palm Beach County, Florida and is *sui juris.*

5.      Plaintiff serves as sole officer and director of the Walter and Lucille Rubin Foundation, Inc. (the "Foundation") and is a member.

6.      The Foundation is a nonprofit corporation formed under the laws of Delaware in 2007 by Walter H. Rubin and Lucille Rubin (as initial members of the corporation).

7.      Walter H. Rubin and Lucille Rubin were husband and wife. Walter H. Rubin is deceased.

8.      Defendant RONALD L. RUBIN individually and as purported member and director of the Walter and Lucille Rubin Foundation Inc. is a resident of Washington, DC, and is *sui juris.*

9.      Defendant DARRELL (a/k/a DARYL) HORN individually and as purported director of the Walter and Lucille Rubin Foundation, Inc. is a resident of Memphis, Tennessee and is *sui juris.*

10.     On September 15, 2021, pursuant to express authority granted to Plaintiff in the By-Laws of the Foundation, Plaintiff removed Defendant Ronald L. Rubin as a member.  Further, as a member of the Foundation, Plaintiff modified the bylaws of the

Lucille Rubin et al. vs. Ronald L. Rubin, et. al.
.

Foundation so as to allow for one director to serve, removed all directors from office other than herself, and appointed herself as sole officer of the Foundation.

11.     The Foundation has approximately $11,500,000.00 of assets.

12.     Defendants claim that they are the sole members and directors of the Foundation, and, moreover, that Lucille is not an officer of the Foundation.

13.     Additionally, Defendant RONALD L. RUBIN is in an untenable conflict position with respect to his purported directorship of the Foundation because in the related estate and trust actions (Case Numbers 50-2021-CP-004302-XXXX-MB and 50-2021-CP-001979-XXXX-MB) he seeks to establish or uphold estate planning documents that diminish rather than enhance the position of the Foundation as a beneficiary.

14.     Plaintiff has retained the undersigned law firm and has agreed to pay them a reasonable fee.

### COUNT I - INJUNCTIVE RELIEF

15.     The allegations of Paragraphs 1 through 14 are realleged and incorporated herein.

16.     This is an action for permanent injunctive relief against Defendants.

17.     To obtain a permanent injunction, the plaintiff must "establish a clear legal right, an inadequate remedy at law and that irreparable harm will arise absent injunctive relief." *K.W. Brown & Co. v. McCutchen*, 819 So. 2d 977, 979 (Fla. 4th DCA 2002).

18.     Injunctive relief is appropriate in the instant case because:

(1) Plaintiff is highly concerned that harm will result to the Plaintiff, the Foundation, and its approximately $11,500,000.00 of assets unless an injunction is granted (including without limitation potential excise tax penalties that may be imposed

Lucille Rubin et al. vs. Ronald L. Rubin, et. al.
.

by the Internal Revenue Service on the Foundation and Plaintiff if the required Foundation activities are not properly and timely undertaken, and the denial to Plaintiff of her right and duty as officer and director to select the amounts to be distributed and the recipients of charitable distributions from the Foundation to charities that are required to be made under the Internal Revenue Code by December 31, 2021 and in future years);

(2) there is no reasonable dispute that the Plaintiff is the only authorized representative, officer and director of the Foundation;

(3) there is no other adequate remedy of law to immediately protect the Foundation and the Plaintiff from federal excise taxes if the Foundation is not properly administered, there is no other adequate remedy of law to allow Plaintiff as officer and director her rights to make appropriate tax computations and exercise her rights as sole officer and sole director to select recipients and determine the funding amounts for charitable organization distributions required under the Internal Revenue Code to be made by December 31, 2021 and in subsequent years, there is no other adequate remedy of law to allow Plaintiff to manage the assets of the Foundation as officer and director and protect such assets from investment risk, and there is no other adequate remedy of law to immediately stop Defendants from otherwise purporting to act on behalf of the Foundation (including consummating transactions, purporting to bind the Foundation, engaging counsel on the Foundation's behalf, et. al.) and to preserve the assets of the Foundation for the ultimate benefit of the charitable beneficiaries; and

(4) the public interest will not be disserved by authorizing the duly appointed officer and director of the Foundation to appropriately safeguard and administer it without interference.

Lucille Rubin et al. vs. Ronald L. Rubin, et. al.
.

19.     The trial court has broad discretion to order a temporary injunction.   "[A]n order imposing a permanent injunction lies within the sound discretion of the trial court and will be affirmed absent a showing of abuse of discretion."  *Fox v. Madsen*, 12 So. 3d 1261, 1264 (Fla. 4th DCA 2009).

20.     In an effort to stop Defendants from acting in any role on behalf of the Foundation, to allow Plaintiff to exercise her power and authority to select charitable distribution recipients and amounts for the required 2021 and subsequent year distributions, and to otherwise preserve and safeguard the Foundation's significant assets, Plaintiff requires injunctive relief.

**WHEREFORE**, Plaintiff, LUCILLE RUBIN, as sole officer and director of the Walter and Lucille Rubin Foundation Inc. demands the following relief:

i.      Directing Defendants to cease and desist from acting in any role on behalf of the Foundation, including but not limited to conducting any transactions on behalf of the Foundation, transacting in the Foundation's financial accounts and representing themselves in public as officers and directors of the Foundation;

ii.     Directing Defendants to place all of the Foundation's assets in the sole control and custody of Plaintiff;

iii.    Any other injunctive relief necessary to safeguard, administer and protect the Foundation and assets therein, including but not limited freezing all Foundation accounts;

iv.     For attorney's fees and costs pursuant to any applicable law; and

Lucille Rubin et al. vs. Ronald L. Rubin, et. Al.
CASE NO.

     v.     Any and all other relief this Court deems appropriate and proper**.**

## COUNT II – DECLARATORY RELIEF

21.     The allegations of Paragraphs 1 through 14 are realleged and incorporated herein.

22.     This is an action for declaratory relief against Defendants.

23.     The relief sought is authorized under section 86.021, Fla. Stat.

24.     The parties will benefit from an immediate declaration from this court.

25.     A bona fide, actual, present practical need for a declaration exists, which includes an unresolved, justiciable controversy.

26.     The controversy presented here is not hypothetical, but actual live disputes which require judicial resolution.

27.     Plaintiff believes that under the documents that she executed on September 15, 2021, Plaintiff removed Ronald as a member, removed all directors other than herself, appointed herself as sole officer, and modified the bylaws of the Foundation so that Plaintiff could be sole director.

28.     Defendants disagree and say otherwise.  They contend that Ronald is a member and that Ronald and Darrell (a/k/a Daryl) are directors.

29.     At stake includes control of the approximately $11,500,000.00 that belongs to the Foundation.

30.     This court should declare that Plaintiff is a member and the sole officer and director of the Foundation.

Lucille Rubin et al. vs. Ronald L. Rubin, et. Al.
CASE NO.

31.     In the alternative, this court should appoint an interim *independent* officer and director of the Foundation.

**WHEREFORE**, Plaintiff prays for the following relief:

i.      The Court enter a declaratory judgment against Defendants in favor of Plaintiff declaring that Plaintiff is a member of the Foundation, and is sole officer and director of the Foundation, and that neither Ronald, Darrell (a/k/a Daryl) nor any other persons or entities purportedly elected by them, are officers, directors or members of the Foundation, or, in the alternative, appoint an interim *independent* officer and director of the Foundation;

ii.     Grant Plaintiff the attorney's fees and the costs of this action; and

iii.    Grant Plaintiff such other and further relief as the Court deems just and proper.

Dated this 19th day of October, 2021.

GUTTER CHAVES JOSEPHER RUBIN
FORMAN FLEISHER MILLER P.A.
Counsel for Plaintiff
2101 Corporate Boulevard, Suite 107
Boca Raton, FL  33431
Telephone: (561) 998-7847

BY:    /s/ Peter J. Forman
Peter J. Forman
Florida Bar No. 180360
Jonathan A. Galler, Esq.
Florida Bar No. 37489
jgaller@floridatax.ocm
lboros@floridatax.com
lcaesar@floridatax.com

7

### Written Consent To and Record of Action
### Taken by Sole Director

## WALTER AND LUCILLE RUBIN FOUNDATION INC.

### September 15, 2021

The undersigned, the sole director of the referenced corporation (the "Corporation") pursuant to a written consent and record of action taken by the undersigned prior to the execution of this Written Consent, hereby sets forth her written consent to and record of action taken this date.

/all officers of the Corporation are removed from office and RESOLVED, the following persons are elected to the described positions, to serve until their successors are duly elected and qualified:

LUCILLE RUBIN     President, Secretary, Treasurer

The undersigned waives all formal requirements to the action set forth herein, including the holding of a meeting and notice of such meeting.

LUCILLE RUBIN, Sole Director

STATE OF FLORIDA

SS.

COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization this 15th day of September, 2021, by LUCILLE RUBIN.

Signature - Notary Public State of Florida

[Seal with Commission Expiration Date]

SHARON L. ROGERS
MY COMMISSION # GG249428
EXPIRES September 06, 2022

Print, Type or Stamp name of Notary Public

Personally Known ✓ or Produced Identification _____
Type of Identification Produced _____

**Written Consent To and Record of Action**
**Taken by Sole Member**

## WALTER AND LUCILLE RUBIN FOUNDATION INC.

**September 15, 2021**

The undersigned, the sole member of the referenced corporation (the "Corporation") pursuant to a written consent and record of action taken by the undersigned prior to the execution of this Written Consent, hereby sets forth her written consent to and record of action taken this date.

RESOLVED, pursuant to Article VII, Section 1 of the Bylaws of the Corporation, Article II, Section 3 of the Bylaws of the Corporation is modified in its entirety to read:

"Section 3.   Number of Directors

There shall be at least one Director of the Foundation."

FURTHER RESOLVED, all directors of the Corporation other than LUCILLE RUBIN are hereby removed from office.

FURTHER RESOLVED, that LUCILLE RUBIN is re-elected to the position of director of the Corporation, to serve until her successors are duly elected and qualified.

FURTHER RESOLVED that the officers and directors of the Corporation are authorized and directed to take such further action as they may deem necessary, appropriate or desirable to carry out these resolutions, including delivery of a copy of this Written Consent to RONALD L. RUBIN and DARRELL (a/k/a DARYL) HORN.

The undersigned waives all formal requirements to the action set forth herein, including the holding of a meeting and notice of such meeting.

*Lucille Rubin*
LUCILLE RUBIN, Member

STATE OF FLORIDA
                                              SS.
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me by means of ☒ physical presence or ☐

online notarization this 15th day of September, 2021, by LUCILLE RUBIN.

_____
Signature - Notary Public-State of Florida

[Seal with Commission Expiration Date]

SHARON L. ROGERS
MY COMMISSION # GG249428
EXPIRES: September 06, 2022

Print, Type or Stamp Name of Notary Public

Personally Known _____ or Produced Identification _____
Type of Identification Produced _____

**Written Consent To and Record of Action**
**Taken by Member**

**WALTER AND LUCILLE RUBIN FOUNDATION INC.**

**September 15, 2021**

The undersigned, a member of the referenced corporation (the "Corporation"), hereby sets forth her written consent to and record of action taken this date.

RESOLVED, in furtherance of the power granted to her in Article I, Section 3 of the Bylaws of the Corporation, the undersigned hereby removes RONALD L. RUBIN as a member of the Corporation, and further removes any other persons or entities as a member other than the undersigned.

FURTHER RESOLVED that the officers and directors of the Corporation are authorized and directed to take such further action as they may deem necessary, appropriate or desirable to carry out these resolutions, including delivery of a copy of this Written Consent to RONALD L. RUBIN.

Pursuant to Article I, Section 11 of the Bylaws of the Corporation, the undersigned waives all formal requirements to the action set forth herein, including the holding of a meeting and notice of such meeting.

LUCILLE RUBIN, Member

STATE OF FLORIDA

SS.

COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me by means of ☒ physical presence or ☐ online notarization this 15th day of September, 2021, by LUCILLE RUBIN.

Signature - Notary Public-State of Florida

[Seal with Commission Expiration Date]

SHARON L. ROGERS
MY COMMISSION # GG249428
EXPIRES September 06, 2022

Print, type or stamp name of Notary Public

Personally Known _____ or Produced Identification _____
Type of Identification Produced _____



### JOSEPH ABRUZZO

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

# RECEIPT
4219545

Printed On:
10/20/2021 03:01
Page 1 of 1

| Receipt Number: 4219545 - Date 10/20/2021  Time 3:01PM | |
|---|---|
| **Received of:** | Peter Forman<br>2101 Corporate Blvd.<br>Boca Raton, FL 33431 |

| | | | |
|---|---|---|---|
| **Cashier Name:** | ADMIN | **Balance Owed:** | 401.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 401.00 |
| **Receipt ID:** | 10560188 | **Remaining Balance:** | 0.00 |
| **Division:** | AB: Circuit Civil Central - AB(Civil) | | |

| Case# 50-2021-CA-011772-XXXX-MB -- PLAINTIFF/PETITIONER: RUBIN, LUCILLE | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 401.00 | 401.00 | 0.00 |
| **Case Total** | **401.00** | **401.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | 32609701 | **401.00** |
| **Total Received** | | **401.00** |
| **Total Paid** | | **401.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.

**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.



Filing # 136816341 E-Filed 10/19/2021 11:13:23 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

LUCILLE RUBIN, as sole officer and director of the Walter and Lucille Rubin Foundation Inc.,

                Plaintiff,

vs.

RONALD L. RUBIN, individually and as purported member of the Walter and Lucille Rubin Foundation Inc. and DARRELL (a/k/a DARYL) HORN, individually and as purported member of the Walter and Lucille Rubin Foundation Inc.

                Defendants.

_____/

CASE NO. _____

CIVIL DIVISION

## NOTICE OF COMPANION CASE AND REQUEST
## <u>FOR ASSIGNMENT TO SAME JUDGE</u>

      COMES NOW, LUCILLE RUBIN, as sole officer and director of the Walter and

Lucille Rubin Foundation Inc., and hereby gives notice by and through her undersigned

counsel that this matter is related to two pending cases pending in this court and requests

this case be assigned to Judge Gregory Keyser, who is the judge presiding in companion

Case Numbers 50-2021-CP-004302-XXXX-MB and 50-2021-CP-001979-XXXX-MB.

Dated this 19th day of October, 2021.

Lucille Rubin et al. vs. Ronald L. Rubin, et. al.

GUTTER CHAVES JOSEPHER RUBIN
FORMAN FLEISHER MILLER P.A.
Counsel for Plaintiff
2101 Corporate Boulevard, Suite 107
Boca Raton, FL   33431
Telephone: (561) 998-7847

BY:   /s/ Peter J. Forman
Peter J. Forman
Florida Bar No. 180360
Jonathan A. Galler, Esq.
Florida Bar No. 37489
jgaller@floridatax.ocm
lboros@floridatax.com
lcaesar@floridatax.com

2

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

LUCILLE RUBIN, as sole officer and director, and a member, of the Walter and Lucille Foundation, Inc.,

      Plaintiff,

v.

RONALD L. RUBIN, individually and as purported member and director of the Walter and Lucille Foundation, Inc., and DARRELL (a/k/a DARYL) HORN, individually and as purported director of the Walter and Lucille Foundation, Inc.,

      Defendants.

Case No. 50-2021-CA-011772-XXXX-MB
CIVIL DIVISION:

_____/

### Notice of Limited Appearance and Designation of Primary and Secondary E-Mail Addresses

Paul Turner, Esq., Benjamin Reiss, Esq., and Oliver Birman, Esq., hereby give notice of their limited appearance as legal counsel for Ronald Rubin as the sole member and as a director of The Walter and Lucille Rubin Foundation, Inc., and as legal counsel for Darrell Horn as a director of The Walter and Lucille Rubin Foundation, Inc., in the above-captioned action. This appearance is for the limited purpose of challenging jurisdiction and service, and for potential removal of this action to the proper court.

Pursuant to Rule 2.516(b)(1)(A), Florida Rules of Judicial Administration, PBY&A, hereby designate the following primary and secondary email addresses for service of pleadings and documents:

**Paul Turner, Esq.**

Primary:      pturner@pbyalaw.com
Secondary:   eserviceftl@pbyalaw.com

**Benjamin Reiss, Esq.**

Primary:      breiss@pbyalaw.com
Secondary:   eservicemia@pbyalaw.com

**Oliver Birman, Esq.**

Primary:      obirman@pbyalaw.com
Secondary:   eserviceftl@pbyalaw.com

### Certificate of Service

I HEREBY CERTIFY that, on the date provided above, a true and correct copy of this document is being served, pursuant to Rule 2.516(b), Fla. R. Jud. Admin., via Florida Courts e-Filing Portal to the names and e-mail address provided by all parties, counsel of record, and pro se parties.

Dated: October 22, 2021.              Respectfully submitted,

_/s/ Paul Turner_____
Paul Turner, Esq. (113743)
pturner@pbyalaw.com
Benjamin L. Reiss, Esq. (985643)
breiss@pbyalaw.com
Oliver Birman, Esq. (123750)
obirman@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 S. Andrews Avenue, Suite 600
Fort Lauderdale, Florida 33301
T: (954) 566-7117 / F: (954) 566-7115
eserviceftl@pbyalaw.com
*Attorneys for The Walter and Lucille Rubin Foundation, Inc.*

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 - (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 - (305) 377-0086

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

LUCILLE RUBIN, as sole officer and
director of the Walter and Lucille
Rubin Foundation, Inc.

       Plaintiff,

vs.

RONALD L. RUBIN, individually and as
purported member of the Walter and
Lucille Rubin Foundation Inc. and
DARRELL (a/k/a DARYL) HORN,
individually and as purported member
of the Walter and Lucille Rubin
Foundation, Inc.

       Defendants.

_____/

CASE NO. 50-2021-CA-011772-XXXX-MB

CIVIL DIVISION

<u>MOTION TO TRANSFER CASE TO JUDGE GREGORY KEYSER, DIVISION AA</u>

       Plaintiff, LUCILLE RUBIN, as sole officer and director of the Walter and Lucille Rubin Foundation, Inc., by and through undersigned counsel, requests that the above-captioned case be transferred to Judge Gregory Keyser and in support thereof states as follows:

       1.     This matter is related to two cases that are pending in this Court, Case Numbers 50-2021-CP-004302-XXXX-MB and 50-2021-CP-001979-XXXX-MB ("Pending Cases"). The Pending Cases are assigned to Judge Gregory Keyser, Division AA.

       2.     The Pending Cases were originally filed in the Probate Division but were transferred to Division AA after a hearing.

       3.     In addition, another case involving the same parties is also before Division AA – Case No. 50-2021-CA-009154-XXXX-MB.

4.      Therefore, a Notice of Companion Case and Request for Assignment to Same Judge, pertaining to the above-styled matter, was filed on October 19, 2021.  This matter, yet again, involves the same parties.

5.      The instant case was, however, assigned to Judge Janis Brustares Keyser, Division AB.

6.      Plaintiff requests that the instant case be transferred to Judge Gregory Keyser, Division AA.

WHEREFORE, LUCILLE RUBIN, as sole officer and director of the Walter and Lucille Rubin Foundation, Inc., hereby moves to transfer the above styled proceeding to Judge Gregory Keyser, Division AA, and for such other and further relief as this court deems appropriate.

Dated: October 27, 2021

GUTTER CHAVES JOSEPHER RUBIN
FORMAN FLEISHER MILLER P.A.
*Counsel for Lucille Rubin*
2101 NW Corporate Boulevard, Suite 107
Boca Raton, FL 33431
Telephone:  561998-7847
Facsimile:  561 998-2642

BY:     */s Jonathan A. Galler*
           Jonathan A. Galler
           Florida Bar No. 37489
           jgaller@floridatax.cm
           lboros@floridatax.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the Florida Courts ePortal to all counsel of record, on this 27th day of October, 2021.

*/s Jonathan A. Galler*
Jonathan A. Galler

Filing # 137451947 E-Filed 10/28/2021 11:43:27 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

LUCILLE RUBIN, as sole officer and     CASE NO. 50-2021-CA-011772-XXXX-MB
director of the Walter and Lucille
Rubin Foundation, Inc.     CIVIL DIVISION

      Plaintiff,

vs.

RONALD L. RUBIN, individually and as
purported member of the Walter and
Lucille Rubin Foundation Inc. and
DARRELL (a/k/a DARYL) HORN,
individually and as purported member
of the Walter and Lucille Rubin
Foundation, Inc.

      Defendants.

_____/

**<u>NOTICE OF HEARING</u>**

    **PLEASE TAKE NOTICE** that the undersigned attorney has called up the

following motion for hearing:

      **DATE:**       **Tuesday, November 9, 2021**

      **TIME:**       **8:30 AM**

      **JUDGE:**       **The Honorable Janis Brustares Keyser**

      **PLACE:**
      **https://us02web.zoom.us/j/96748836633?pwd=L25YVmhZNHlnd3M5QmUwb09OSlNqdz09**
      **Meeting ID: 96748836633**
      **Password: 94910899**

      **MATTER:**     **Motion to Transfer Case to Judge Gregory Keyser, Division AA**

PLEASE BE GOVERNED ACCORDINGLY.

*Certificate of Good Faith*

Undersigned counsel certifies that:

_____Counsel has conferred with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve or narrow the issues raised.*

*   x  Counsel has made reasonable efforts to confer with all parties who may be affected by the relief sought in the motion but has been unable to do so.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Florida Courts E-Filing Portal to all counsel of record this 28th day of October, 2021.

GUTTER CHAVES JOSEPHER
RUBIN FORMAN FLEISHER MILLER P.A.
2101 Corporate Boulevard, Suite 107
Boca Raton, FL  33431
Telephone: 561 998-7847
BY:    /s/ Jonathan A. Galler
       JONATHAN A. GALLER
       Florida Bar No. 37489
       jgaller@floridatax.com
       lboros@floridatax.com

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

LUCILLE RUBIN, as sole officer and
director, and a member, of the Walter and
Lucille Foundation, Inc.,

       Plaintiff,

v.

RONALD L. RUBIN, individually and as
purported member and director of the Walter
and Lucille Foundation, Inc., and DARRELL
(a/k/a DARYL) HORN, individually and as
purported director of the Walter and Lucille
Foundation, Inc.,

       Defendants.

Case No. 50-2021-CA-011772-XXXX-MB
CIVIL DIVISION:

            /

### Updated Notice of Limited Appearance and
### <u>Designation of Primary and Secondary E-Mail Addresses</u>

    Paul Turner, Esq., Benjamin Reiss, Esq., and Oliver Birman, Esq., hereby give notice

of their limited appearance as legal counsel for Ronald Rubin individually and as the sole member

and as a director of The Walter and Lucille Rubin Foundation, Inc., and as legal counsel for Darrell

Horn individually and as a director of The Walter and Lucille Rubin Foundation, Inc., in the above-

captioned action. This appearance is for the limited purpose of challenging jurisdiction and service,

and for potential removal of this action to the proper court.

    Pursuant to Rule 2.516(b)(1)(A), Florida Rules of Judicial Administration, PBY&A,

hereby designate the following primary and secondary email addresses for service of pleadings

and documents:

**Paul Turner, Esq.**

Primary:        pturner@pbyalaw.com
Secondary:   eserviceftl@pbyalaw.com

**Benjamin Reiss, Esq.**

Primary:        breiss@pbyalaw.com
Secondary:   eservicemia@pbyalaw.com

**Oliver Birman, Esq.**

Primary:        obirman@pbyalaw.com

Secondary:     eserviceftl@pbyalaw.com

## Certificate of Service

I HEREBY CERTIFY that, on the date provided above, a true and correct copy of this document is being served, pursuant to Rule 2.516(b), Fla. R. Jud. Admin., via Florida Courts e-Filing Portal to the names and e-mail address provided by all parties, counsel of record, and pro se parties.

Dated: November 2, 2021.          Respectfully submitted,

*/s/ Paul Turner*
Paul Turner, Esq. (113743)
pturner@pbyalaw.com
Benjamin L. Reiss, Esq. (985643)
breiss@pbyalaw.com
Oliver Birman, Esq. (123750)
obirman@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 S. Andrews Avenue, Suite 600
Fort Lauderdale, Florida 33301
T: (954) 566-7117 / F: (954) 566-7115
eserviceftl@pbyalaw.com

2