UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-82014-MARRA/MATTHEWMAN

LUCILLE RUBIN, as purported sole officer
and director and a member of the Walter and
Lucille Foundation, Inc.,

    Plaintiff,

vs.

RONALD L. RUBIN, individually and as
member and director of the Walter and
Lucille Rubin Foundation, Inc., and
DARRELL (a/k/a DARYL) HORN,
individually and as director of the Walter
and Lucille Rubin Foundation, Inc.,

    Defendants.
_____/



## ORDER ON PLAINTIFF'S MOTIONS TO QUASH SUBPOENAS [DEs 119, 121, 123]

    **THIS CAUSE** is before the Court upon Plaintiff, Lucille Rubin's ("Plaintiff") Motion to Quash Subpoenas as to Mass General and Dr. Steven Arnold [DE 119], Plaintiff's Motion to Quash Subpoenas to Dr. Paayal Patel and Dr. Mark Brody of Brain Matters Research [DE 121], and Plaintiff's Motion to Quash Subpoenas to Dr. Walter C. Martinez [DE 123]. These matters were referred to the undersigned by the Honorable Kenneth A. Marra, United States District Judge. [DE 16]. The motions are now fully briefed and ripe for review. [DEs 129, 130, 131, 136, 137].

    The Court has carefully considered the relevant law, the motions, responses, replies, and subpoenas at issue, as well the entire docket in this case. Each of the subpoenas that Plaintiff is seeking to quash requests all medical records regarding Plaintiff in the subpoenaed party's

1

possession, custody, or control.[1]

## I. The Parties' Counsel Constant Discovery Bickering

The Court notes with great displeasure that the parties' counsel continue to bicker incessantly over discovery in this case. Since the filing of this case in this court approximately five months ago on November 2, 2021 [DE 1], the parties have filed approximately 40 discovery-related motions, responses, replies, and notices, some expedited. This has caused the Undersigned to issue approximately 17 discovery-related orders [DEs 18, 20, 22, 28, 36, 39, 57, 71, 83, 97, 104, 109, 113, 115, 125, 126, 128] and hold two lengthy discovery hearings [DEs 37, 114]. The Court is frustrated and disappointed with the parties' counsel who appear to be unable or unwilling to confer and cooperate in an honest, good faith effort to resolve, rather than exacerbate, their discovery disputes. Prior efforts of this Court to get the parties and their counsel to act cooperatively and professionally during the discovery process have obviously fallen on deaf ears. The parties and their counsel are advised that the Court will no longer tolerate the discovery gamesmanship going on in this case, and the Court will be imposing sanctions and/or cost-shifting on offending counsel and parties where appropriate. No hearing shall be held on the pending discovery dispute and the Court's rulings are as follows.

## II. Motion to Quash Subpoenas to Mass General and Dr. Steven Arnold [DE 119]

Plaintiff's counsel argues that Plaintiff is "unable to determine if the records would require

---

[1] The persons and entities to whom the subpoenas are directed have apparently not yet been served with the subpoenas and thus have not had an opportunity to lodge any objections to their respective subpoenas. The Court has herein considered the objections of Plaintiff to the three subpoenas issued by Defendants, but this Order further contemplates that, upon being served with the subpoenas, the persons or entities subpoenaed may still timely assert any objections they may have to their respective subpoenas.

2

disclosure of privileged or protected information" and that any records in the subpoenaed party's possession "would be related to her qualifications to participate in a clinical trial being conducted by Dr. Arnold at Mass General well before this action was commenced…and before Defendants sought to have Plaintiff determined to be incapacitated." [DE 119 at 2]. According to Plaintiff's counsel, Plaintiff did not participate in any clinical trial at Mass General or with Dr. Arnold. *Id.* Finally, Plaintiff's counsel argues that Plaintiff has standing to file the motion to quash and that the documents sought are irrelevant as they predate April 7, 2021. *Id.*

In response, Defendants, Ronald L. Rubin and Darrell Horn ("Defendants"), through their counsel, assert that Plaintiff's counsel only conferred with Defendants' counsel via email, in violation of the Court's Order Setting Discovery Procedure. [DE 130 at 1–2].[2] Defendants also assert that Plaintiff waived the right to object to subpoenas to her medical providers. *Id.* at 2–3. Defendants contend that medical records from prior to April 7, 2021, are not irrelevant because "Alzheimer's disease is a progressive disease with no cure that only gets worse with time, not better . . . ." *Id.* at 3. They also argue that Plaintiff did not conduct a reasonable inquiry into the substance of the medical records sought. *Id.* at 4–5.

In reply, Plaintiff's counsel first argues that Plaintiff has not waived her objections. [DE 136 at 2]. Counsel maintains that "the fact that Plaintiff does not know what records the hospital and doctors may have since she was never a patient of theirs supports her request that the Court first review the records to determine if they are discoverable. Plaintiff's counsel respectfully

---

[2] The Court is extremely concerned about this allegation, and if the Court finds that any attorney for any party in this case is failing to properly personally confer in good faith as required, the Court will impose sanctions on the offending attorney(s). The Court also notes that Plaintiff's counsel did not address the Defendants' claim of lack of conferral in Plaintiff's reply.

3

requests that the Court order an *in camera* review under these circumstances." *Id.* at 3.

The Court rejects Defendants' waiver arguments as illogical and absurd. Plaintiff is free to object to certain subpoenas and discovery requests and respond to others. The Court cautions Defendants' counsel to refrain from making such frivolous arguments before this Court.

However, as Plaintiff's counsel concedes that Plaintiff has no idea what the medical records responsive to the subpoenas will show, the Court will, at this point, order Mass General and Dr. Steven Arnold (subject to any personal objections either of them may have to their respective subpoena once they are served with the subpoena) to produce all responsive medical records directly to the chambers of the Undersigned so that the Court can review the medical records *in camera* before deciding whether Defendants shall be permitted to obtain or review them. In order to ensure due process to Mass General and Dr. Steven Arnold, they shall have 14 days from the date they are served with the subpoena(s) to lodge any objections to production of the documents sought by Defendant, and, if any such objections are filed, the Court reserves jurisdiction to modify or amend this Order. When Defendant serves the subpoenas in this case on Mass General and Dr. Steven Arnold, a copy of this Order shall also be attached to the subpoenas.

The Court accordingly reserves ruling on Plaintiff's motion [DE 119]. The Court will determine the relevancy and proportionality of the subpoenaed documents under Federal Rule of Civil Procedures 26(b)(1) and 45 and issue a further Order on the motion after either (a) objections are filed by Mass General or Dr. Steven Arnold as provided for above, or (b) the documents are submitted by them to the Undersigned for *in camera* review and that review is completed. Further, as to this motion [DE 119], the Court reserves jurisdiction to impose sanctions and/or cost shifting upon the appropriate party and counsel under Fed.R.Civ.P. 37(a)(5) and other applicable rules or

4

law until after the Court ultimately decides the motion and issues a further order thereon.

### III. Motion to Quash Subpoenas to Dr. Paayal Patel and Dr. Mark Brody of Brain Matters Research [DE 121]

According to the motion to quash, "[n]either Dr. Patel nor Dr. Brody are treating physicians for Lucille Rubin and have never treated her to evaluate whether she has contractual capacity for purposes related to this action. They are part of a clinical trial investigating an experimental drug in a double-blind study." [DE 121 at 2]. The clinical trial began in early 2020. *Id.* Plaintiff's counsel contends that Plaintiff has standing to move to quash the subpoenas "because they are directed to her private and confidential personal medical information obtained as part of a clinical investigation of experimental drugs in accordance with the U.S. Department of Health and Human Services Food and Drug Administration Form FDA 1572 . . . in which Plaintiff voluntarily enrolled." *Id.* Plaintiff's counsel argues that the medical records are protected by The Privacy Act, that the information is irrelevant, and that the subpoenas are overbroad. *Id.* at 3–4.

In response, Defendants, through their counsel, assert that the medical records are clearly relevant because Dr. Patel and Dr. Brody evaluated the progression of Plaintiff's Alzheimer's Disease. [DE 129 at 2]. Defendants next assert that, contrary to Plaintiff's argument in her motion, there is no blanket confidentiality that protects the medical records. *Id.* at 3. Defendants contend that the purpose of the laws and regulations cited by Plaintiff is to protect the identity of the clinical trial participants and not to make the substance of test results and other evaluations confidential. *Id.* at 3–4. They further argue that Plaintiff specifically waived any expectation of privacy in the content of the records by signing Brain Matters' Consent Form. *Id.* at 5–6. According to Defendants, Plaintiff waived her objection to producing the records, and the subpoenas are not

5

overbroad. *Id.* at 6.

In reply, Plaintiff's counsel argues that the medical records are irrelevant, confidential, and privileged. [DE 137 at 2]. Counsel further argues that "Defendants' assertion that the federal and state laws cited in Plaintiff's motion are limited to protecting a participant's name, but not her information, defies logic. The fact that the information can be shared with other researchers doesn't alter the fact that the individual's private personal health information involved in the clinical trial is confidential and shall not be disclosed." *Id.* Plaintiff's counsel rejects Defendants' assertion that Plaintiff waived her objections. *Id.* at 2–3. Finally, counsel requests, that, "[i]f the Court is inclined to allow discovery related to the clinical trial of an experimental drug in which it can never be determined if Plaintiff is receiving a placebo or the drug, Plaintiff requests that the time frame be limited to no earlier than April 11, 2021 and no later than September 15, 2021, which is the relevant time frame at issue. In addition, Plaintiff respectfully requests that the Court order an *in camera* review under these circumstances." *Id.* at 3.

The Court rejects Defendants' waiver arguments as illogical and absurd. Plaintiff is free to object to certain subpoenas and discovery requests and respond to others. Again, Defendants' counsel have asserted a frivolous position here, and again they are cautioned by the Court in this regard.

Next, the Court does find that the records sought are relevant and proportional pursuant to Federal Rule of Civil Procedure 26(b)(1) as Plaintiff's capacity or lack thereof is a major issue in this case.

Additionally, the Court will not narrow the temporal scope as suggested by Plaintiff's counsel. Plaintiff's counsel argues in Plaintiff's reply that "Defendants assert Plaintiff and Walter

6

Rubin both had contractual capacity on April 7, 2021 necessary to amend the Foundation By-Laws to appoint Ronald Rubin as a member of the Foundation. Any medical records related to Plaintiff's evaluation for a clinical trial prior to April 7, 2021 would be irrelevant to Defendants' purported removal of Plaintiff on August 18, 2021." [DE 121 at 3-4]. However, Defendants' counsel do not concede that Plaintiff had capacity in 2021. [DE 130 at 3]. The Court cautions Plaintiff's counsel to not make inaccurate assertions before this Court. Defendants' counsel also argue that progression of Plaintiff's Alzheimer's Disease is relevant to the claims and defenses in this case. [DE 129 at 6]. The Court agrees.

The Court also rejects Plaintiff's argument, at this point, that the documents can be withheld on the basis of privacy and confidentiality. None of the law and regulations cited by Plaintiff stand for the premise that the medical records cannot be compelled by the Court. Moreover, Plaintiff did sign a Consent to Take Part in a Clinical Research Study and Health Insurance Portability and Accountability Act (HIPAA) Authorization Agreement Permission to Review, Use, and Release Information about You [DE 129-1] on August 16, 2019, which states in relevant part that Plaintiff's records would be "kept confidential during the study and the retention period . . . except if disclosure is required by law . . . ." *Id.* at 2.

The Court is concerned, however, with the possibility of putting the integrity of the double-blind clinical study at risk. Therefore, even though Dr. Paayal Patel and Dr. Mark Brody of Brain Matters Research have not, at this time, been served with a copy of the subpoenas and accordingly have not had an opportunity to lodge their own objections to the subpoenas, the Court will not require them to produce any documents that identify whether Plaintiff (or any other participant) is receiving a placebo or actual medication. The persons or entities subpoenaed shall be permitted to

7

redact any such information from the records produced pursuant to the subpoenas. Moreover, the Court will allow both Dr. Patel and Dr. Brody of Brain Matters Research to file any objections they have to their respective subpoena within 14 days of being served with the subpoena. Additionally, when serving these subpoenas, Defendant's counsel shall attach a copy of this Order to the subpoenas.

In sum, the Court will, at this point, deny in part and grant in part Plaintiff's Motion to Quash Subpoenas to Dr. Paayal Patel and Dr. Mark Brody of Brain Matters Research [DE 121]. The Court reserves jurisdiction to modify or amend this Order in the event the subpoena recipients timely file any objections to the subpoena(s). To be clear, the subpoena recipients shall either a) produce the documents to the Defendants with the redactions made as authorized above, or b) file any objections they have to production of any or all of the subpoenaed within 14 days of being served with the subpoena and a copy of this Order. In the event the documents are produced, Defendants shall maintain the confidentiality of the medical records, shall use the information from the documents solely in this litigation, and shall redact and/or move to file under seal (in compliance with the Local Rules) any confidential information utilized in filings on the docket. If the parties determine that a more detailed confidentiality agreement is necessary, they shall file a proposed confidentiality agreement with the Court, after they confer in good faith and attempt to agree on its terms and provisions. Further, complete copies of any documents received by Defendants shall be forthwith produced to Plaintiff's counsel.

Since Plaintiff's motion [DE 121] is granted in part and denied in part, the Court will not impose sanctions or cost shifting as to the motion against any party or counsel per Federal Rule of Civil Procedure 37(a)(5) and other applicable rules or law, at this juncture. In the event objections

are filed by the subpoena recipients, the Court will re-address cost shifting or sanctions if deemed necessary and appropriate.

### IV. Motion to Quash Subpoenas to Dr. Walter C. Martinez [DE 123]

Plaintiff's counsel argues that Plaintiff is "unable to determine if the records would require disclosure of privileged or protected information" and that any records in the doctor's possession "would be related to her qualifications to participate in a clinical trial being conducted well before this action was commenced . . . and before Defendants sought to have Plaintiff determined to be incapacitated." [DE 123 at 2]. According to Plaintiff's counsel, Plaintiff did not participate in any clinical trial at Mass General or with Dr. Arnold. *Id.* Finally, counsel argues that Plaintiff has standing to file the motion to quash and that the documents sought are irrelevant as they predate April 7, 2021. *Id.*

In response, Defendants, through their counsel, assert that Plaintiff waived the right to object to subpoenas to her medical providers. [DE 131 at 1–2]. Defendants contend that medical records from prior to April 7, 2021 are not irrelevant because "Alzheimer's disease is a progressive disease with no cure that only gets worse with time, not better . . . ." *Id.* at 3. They also argue that Plaintiff did not conduct a reasonable inquiry into the substance of the medical records sought. *Id.* at 4.

In reply, Plaintiff's counsel first argues that Plaintiff has not waived her objections. [DE 136 at 2]. Plaintiff's counsel maintains that "the fact that Plaintiff does not know what records the hospital and doctors may have since she was never a patient of theirs supports her request that the Court first review the records to determine if they are discoverable. Plaintiff's counsel requests that the Court order an *in camera* review under these circumstances." *Id.* at 3.

9

The Court rejects Defendants' waiver arguments as illogical and absurd. Plaintiff is free to object to certain subpoenas and discovery requests and respond to others. This is the same frivolous argument now asserted for the third time by Defendants' counsel and said counsel are once again cautioned in this regard.

However, as Plaintiff's counsel concedes that Plaintiff has no idea what the medical records responsive to the subpoenas will show, the Court will order Dr. Walter C. Martinez to produce all responsive medical records directly to the chambers of the Undersigned so that the Court can review the medical records *in camera* before deciding whether Defendants shall be permitted to obtain them. The Court reserves ruling on the Plaintiff's motion [DE 123] and will determine the relevancy and proportionality of the documents under Federal Rules of Civil Procedure 26(b)(1) and 45 and issue a further Order after the *in camera* review is completed. Additionally, the Court shall permit Dr. Martinez to lodge any objections he may have to the subpoena within 14 days of being served with the subpoena and a copy of this Order. In the event any such objections are filed by Dr. Martinez, the Court may amend or modify this Order as deemed appropriate.

Further, as to this motion [DE 123], the Court reserves jurisdiction to impose sanctions or cost shifting upon the appropriate party and counsel under Federal Rule of Civil Procedure 37(a)(5) and other applicable rules or law until after the Court reviews the *in camera* documents, or hears any objections from Dr. Martinez, and ultimately decides the motion.

### V. Conclusion

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Defendants shall serve amended subpoenas upon Mass General and Dr. Steven Arnold, along with a copy of this Order, which list the production place as the chambers of the

Undersigned United States Magistrate Judge at the United States Courthouse, 701 Clematis Street, Room 331, West Palm Beach, Florida 33401. Plaintiff's Motion to Quash Subpoenas as to Mass General and Dr. Steven Arnold [DE 119] is held in abeyance and ruling is DEFERRED pending receipt and *in camera* review of the documents and/or objections from the subpoena recipients. Mass General and Dr. Steven Arnold are ORDERED to either a) file any objections to the subpoena(s) within 14 days of being served with the subpoena(s) and a copy of this Order, or b) respond to the subpoenas promptly but shall send the responsive documents directly to the chambers of the Undersigned, so that the Undersigned can conduct an initial *in camera* review of the documents. The Court will then issue a further Order in due course. The Court reserves jurisdiction to impose sanctions or cost shifting under Rule 37 and other applicable rules and law against the appropriate parties and counsel until after it issues a further Order.

2. Plaintiff's Motion to Quash Subpoenas to Dr. Paayal Patel and Dr. Mark Brody of Brain Matters Research [DE 121] is GRANTED IN PART AND DENIED IN PART. Dr. Paayal Patel and Dr. Mark Brody of Brain Matters Research are ORDERED to either a) file any objections to the subpoena(s) within 14 days of being served with the subpoena(s) and a copy of this Order, or b) promptly respond to the subpoenas and send responsive documents to Defendants' counsel, except that they shall not be required to produce (and may redact) any documents that identify whether Plaintiff (or any other participant) is receiving a placebo or actual medication or any documents that would negatively impact the success of the clinical trial and they may redact such information

from the documents produced. Defendants' counsel shall provide a copy of any documents received to Plaintiff's counsel forthwith upon receipt. Since the Court is granting the motion in part and denying the motion in part, it shall not impose sanctions or cost shifting upon any party or counsel, at this time. However, the Court reserves jurisdiction to consider appropriate sanctions or cost shifting in the event the subpoena recipients file any objections to the subpoenas.

3. Defendants shall serve an amended subpoena or subpoenas upon Dr. Walter C. Martinez, with a copy of this Order, which list the production place as the chambers of the Undersigned United States Magistrate Judge at the United States Courthouse, 701 Clematis Street, Room 331, West Palm Beach, Florida 33401. Plaintiff's Motion to Quash Subpoenas to Dr. Walter C. Martinez [DE 123] is DEFERRED pending either a) the filing of any objections by Dr. Martinez within 14 days of being served with the subpoenas and a copy of this Order, or b) this Court's receipt and *in camera* review from Dr. Martinez of the documents. Dr. Walter C. Martinez shall either file timely objections to the subpoenas or respond to the subpoenas by sending the responsive documents directly to the chambers of the Undersigned, so that the Undersigned can conduct an initial *in camera* review of the documents. The Court reserves jurisdiction to impose sanctions or cost shifting against the appropriate parties and counsel until after it completes its *in camera* review and issues a further Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 4th day of April, 2022.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge