UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-82014-MARRA/MATTHEWMAN

LUCILLE RUBIN, as purported sole officer and director and a member of the Walter and Lucille Foundation, Inc.,

    Plaintiff,

vs.

RONALD L. RUBIN, individually and as member and director of the Walter and Lucille Rubin Foundation, Inc., and DARRELL (a/k/a DARYL) HORN, individually and as director of the Walter and Lucille Rubin Foundation, Inc.,

    Defendants.
_____/

FILED BY ___KJZ___ D.C.

Apr 5, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER DENYING DEFENDANTS' MOTION TO QUASH SUBPOENAS [DE 112] AND REQUIRING DEFENDANTS AND THEIR COUNSEL TO SHOW CAUSE WHY ATTORNEY'S FEES AND COSTS SHOULD NOT BE ASSESSED AGAINST THEM PER FED.R.CIV.P. 37(a)(5)(B)

**THIS CAUSE** is before the Court upon Defendants, Ronald L. Rubin and Darrell Horn's ("Defendants") Motion to Quash Subpoenas ("Motion") [DE 112]. This matter was referred to the undersigned by the Honorable Kenneth A. Marra, United States District Judge. [DE 16]. The Motion is fully briefed and ripe for review. [DEs 118, 132].

The Court has carefully considered the relevant law, the Motion, response, reply, and subpoenas at issue, as well the entire docket in this case. Defendants are seeking to quash subpoenas issued to the Records Custodian for Perlman, Bajandas, Yevoli & Albright, P.L. and

1

Abraham M. Mora, Esquire/Brookmyer, Hochman, Probst, & Jonas, P.A. by Plaintiff. [DE 112 at 1]. The subpoenas seek all invoices, billing statements, and trust account records related to work the two law firms performed on behalf of the Walter and Lucille Rubin Foundation. [DE 112-1].

## I.  The Parties' Counsel's Constant Discovery Bickering

The Court notes with great displeasure that the parties' counsel continue to bicker incessantly over discovery in this case. Since the filing of this case in this court approximately five months ago on November 2, 2021 [DE 1], the parties have filed approximately 40 discovery-related motions, responses, replies, and notices, some expedited. This has caused the Undersigned to issue approximately 17 discovery-related orders [DEs 18, 20, 22, 28, 36, 39, 57, 71, 83, 97, 104, 109, 113, 115, 125, 126, 128] and hold two lengthy discovery hearings [DEs 37, 114]. The Court is frustrated and disappointed with the parties' counsel who appear to be unable or unwilling to confer and cooperate in an honest, good faith effort to resolve, rather than exacerbate, their discovery disputes. Prior efforts of this Court to get the parties and their counsel to act cooperatively and professionally during the discovery process have obviously fallen on deaf ears. The parties and their counsel are advised that the Court will no longer tolerate the discovery gamesmanship going on in this case, and the Court will be imposing sanctions and/or cost-shifting on offending counsel and parties where appropriate. No hearing shall be held on the pending discovery dispute and the Court's rulings are as follows.

## II.  Defendants' Four Arguments are Meritless

Defendants make four arguments in support of their Motion. First, they contend that "unless and until [Plaintiff] . . . prevails on her claims and establishes that she is in fact a member and director of the Foundation, [Plaintiff] has no right to seek post-judgment discovery concerning

these private records of the Foundation." *Id.* at 3. The Court rejects this argument as frivolous because the subpoenas are not seeking solely "post-judgment discovery." Defendants are once again improperly trying to limit the scope of discovery in this case; however, Federal Rule of Civil Procedure 26(b)(1) controls the scope of discovery. The Court again cautions Defendants and their counsel from making frivolous arguments to this Court.

Second, Defendants maintain that, "unless and until [Plaintiff] . . . prevails on her claims and establishes that she is in fact a member and director of the Foundation, Mrs. Rubin has no standing to pursue these private records of the Foundation." [DE 112 at 3–4]. The Court rejects this argument as frivolous and notes that it has explicitly found in the past that "Plaintiff, as a party and as the purported sole officer, director, and member of the Foundation, has standing to issue subpoenas . . . ." [DE 39 at 2]. The Court once again cautions Defendants and their counsel from making frivolous arguments to this Court.

Third, Defendants assert that "the Subpoenas improperly seek production of attorney-client and work product privileged documents" and rely on the case of *Carl Zeiss Ziftung v. V.E.B. Carl Zeiss, Jena*, 40 F.R.D. 318 (D.D.C. 1966). [DE 112 at 4]. While the Court does agree that the subpoenaed documents potentially include some attorney-client and work product privileged documents (and portions of documents), Defendants cannot lodge a blanket objection on this basis. Rather, the non-parties would be required to produce nonprivileged documents and create a privilege log, in strict compliance with Southern District of Florida Local Rule 26.1(e)(2)(C), for the remainder of the documents.[1] Defendants' improperly overbroad argument is rejected.

---

[1] The entities to whom the subpoenas are directed have apparently not yet been served with the subpoenas and thus have not had an opportunity to lodge any objections to their respective subpoenas. The Court has herein considered

3

Fourth, Defendants argue that "the documents required in the Subpoenas seek information which is irrelevant to the issue of whether [Plaintiff] was removed as a member and director of the Foundation." [DE 112 at 4]. In response, Plaintiff argues that "[e]vidence of whether Foundation funds are being spent on legal services unrelated to the Foundation clearly bears on relief Plaintiff currently seeks related to the subject matter of the action—a preliminary injunction prohibiting Defendants' use of the Foundation's funds during the litigation." [DE 118 at 5]. In reply, Defendants point out that "issuance of the subpoena on March 3, 2022 was well after February 1, 2022 when the Stipulation was entered (Docket #55) that froze all Foundation[] funds. Therefore, there are no Foundation funds being spent. Furthermore, the documents requested still are not related to any issue currently being litigated or plead." [DE 132 at 2].[2]

It is clear that the subpoenas seek documents that are relevant and proportional to the claims and defenses in this case per Federal Rule of Civil Procedure 26(b)(1). Specifically, Plaintiff is seeking injunctive relief [DE 1-3] and has filed a Motion for Temporary Restraining Order [DE 45], which remains pending. Therefore, the Court will require the law firms to produce nonprivileged documents and will also require the law firms to serve a privilege log for the privileged documents (or portions thereof) in full compliance with the Southern District of Florida Local Rule 26.1(e)(2)(C).

Finally, the parties did enter into a Stipulation [DE 55] in which they agreed that

> Defendants are restrained as of 5:00 pm January 31, 2022 from making or otherwise causing any withdrawals, disbursements, transfers, or transactions of any kind from

---

the objections of Defendants to the subpoenas issued by Plaintiff, but this Order further contemplates that, upon being served with the subpoenas, the persons or entities subpoenaed may still timely assert any objections they may have to their respective subpoenas.

[2] As this argument appeared for the first time in the reply, Plaintiff never responded to it.

> any accounts of the Walter and Lucille Rubin Foundation, Inc., and that all Foundation funds (assets in accounts controlled by the Foundation as of Walter's death) wherever located transferred are frozen as of 5:00 pm January 31, 2022 (a) unless Plaintiff, by and through counsel, jointly agrees to the proposed action; or (b) until there is an Order of Court to the contrary, including without limitation an Order on Lucille's Expedited Motion for Temporary Restraining Order with Notice and Request to Schedule a Hearing to Convert the Restraining Order into a Preliminary Injunction [ECF 45]. This Stipulation includes entities other than bank and financial institutions, and specifically includes law firms and law firm trust accounts.

[DE 55]. However, there is no need to limit the scope of the subpoenas because, if Defendants fully abided by the Stipulation, there should be no responsive documents from after January 31, 2022.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Defendants' Motion to Quash Subpoenas [DE 112] is **DENIED**.

2. The Records Custodian for Perlman, Bajandas, Yevoli & Albright, P.L. and Abraham M. Mora, Esquire/Brookmyer, Hochman, Probst, & Jonas, P.A. is hereby ORDERED to either a) file an objection to the subpoenas and/or motion for protective order within 14 days of being served with the subpoenas and a copy of this Order, or b) produce all nonprivileged documents responsive to the subpoenas to Plaintiff's counsel. Production shall be made directly to Plaintiff's counsel, and Plaintiff's counsel shall forthwith provide a copy of all documents received to Defendants' counsel. Plaintiff's counsel shall attach a copy of this Order to the subpoenas served upon the Records Custodian(s). To the extent there are privileged documents, the Records Custodian for Perlman, Bajandas, Yevoli & Albright, P.L. and Abraham M. Mora, Esquire/Brookmyer, Hochman, Probst, & Jonas, P.A. shall also produce a privilege log

5

to the parties, fully compliant with Southern District of Florida Local Rule 26.1 (e)(2)(B)(ii).

3. Pursuant to Federal of Civil Procedure 37(a)(5)(B), the Court hereby ORDERS Defendants and their counsel who filed this Motion [DE 112] to SHOW CAUSE on or before **April 11, 2022**, why they should not be required to pay Plaintiff her reasonable expenses incurred in opposing the Motion, including attorney's fees. Plaintiff shall be permitted to respond on or before **April 14, 2022**. No reply shall be filed. Upon review of the parties' papers, a further Order shall be entered.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 5th day of April, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge