UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-82014-MARRA/MATTHEWMAN

LUCILLE RUBIN, as purported sole officer
and director and a member of the Walter and
Lucille Foundation, Inc.,

    Plaintiff,

vs.

RONALD L. RUBIN, individually and as
member and director of the Walter and
Lucille Rubin Foundation, Inc., and
DARRELL (a/k/a DARYL) HORN,
individually and as director of the Walter
and Lucille Rubin Foundation, Inc.,

    Defendants.
_____/



FILED BY \_\_\_KJZ\_\_\_ D.C.

Apr 15, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER IMPOSING ATTORNEY'S FEES AND COSTS AGAINST DEFENDANTS AND THEIR COUNSEL PER FED. R. CIV. P. 37(a)(5)(B)

**THIS CAUSE** is before the Court upon Defendants, Ronald L. Rubin and Darrell Horn's ("Defendants") Response to Order to Show Cause [DE 147] and Plaintiff, Lucille Rubin's ("Plaintiff") Response to Defendants' Show Cause Response [DE 149]. This matter was referred to the undersigned by the Honorable Kenneth A. Marra, United States District Judge. [DE 16].

In the Court's Order dated April 5, 2022 [DE 145], the Court denied Defendants' Motion to Quash Subpoenas ("Motion to Quash") [DE 112]. The Court further ruled as follows

> Pursuant to Federal of Civil Procedure 37(a)(5)(B), the Court hereby ORDERS Defendants and their counsel who filed this Motion [DE 112] to SHOW CAUSE on or before **April 11, 2022**, why they should not be required to pay Plaintiff her reasonable expenses incurred in opposing the Motion, including attorney's fees.

1

> Plaintiff shall be permitted to respond on or before **April 14, 2022**. No reply shall be filed. Upon review of the parties' papers, a further Order shall be entered.

[DE 145].

Defendants and their counsel filed a timely Response to Order to Show Cause [DE 147]. They argue that an award of attorney's fees against them and in favor of Plaintiff would be unjust for three reasons: (1) the Court has acknowledged that a portion of Defendants' Motion to Quash was well-founded; (2) the information sought in the subpoenas is irrelevant to the counts in the Amended Complaint; and (3) while this Court did previously rule in its Order entered January 6, 2022 [DE 39] that Plaintiff has standing to seek Foundation records as the purported sole Officer, Director, and Member of the Foundation, "the proverbial landscape has shifted dramatically since that time, and it would be appropriate for this Court to revisit that interlocutory discovery ruling." *Id*. Defendants and their counsel also request that the Court hold its Order to Show Cause in abeyance until Judge Marra rules on Plaintiff's Motion for Preliminary Injunction and Defendants' pending Motion to Dismiss. *Id*. Finally, they point out that they intend to appeal this Court's April 5, 2022 Order to Judge Marra. *Id*.

In her response [DE 149], Plaintiff contends that "Defendants continue to violate the letter and spirit of the discovery rules," continue to act "as if the Court has already ruled in their favor not only on the Motion for Preliminary Injunction [DE 45], but also on their pending Motion to Dismiss [DE 92] (Response, at 5, para. 10)," and continue to assume the very issue to be decided through the discovery process (how the law firms used the Foundation's funds at the direction of Ronald Rubin). Plaintiff also points out that the Court has already reserved ruling on whether to impose sanctions against Defendants on three prior occasions. *Id*.

> Federal Rule of Civil Procedure 37(a)(5)(B) states that, if a discovery motion is denied,
>
> the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). "[A] motion to compel is substantially justified so long as there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also Celestine v. Cap. One*, No. 17-20237-CIV, 2018 WL 8264593, at *3 (S.D. Fla. Mar. 27, 2018).

Here, Defendants and their counsel have not established that the Motion to Quash was substantially justified or that other circumstances make an award of expenses unjust. Rather, they primarily regurgitate prior arguments that have already been rejected by this Court. Moreover, the Court did not acknowledge that a portion of the Motion to Quash was well-founded by simply stating in its Order that "the Court does agree that the subpoenaed documents potentially include some attorney-client and work product privileged documents (and portions of documents)." This is yet another example of Defendants and their counsel contorting the truth.[1] Under these circumstances, attorney's fees and costs must be imposed against Defendants and their counsel and in favor of Plaintiff. *See Wu v. Sagrista*, No. 9:19-CV-81203, 2021 WL 3037067, at *6 (S.D. Fla. July 19, 2021); *McDaniel v. Bradshaw*, No. 10-81082-CIV, 2011 WL 13150562, at *3 (S.D.

---

[1] The Court also notes that, in three prior discovery Orders, it has reserved ruling on whether to impose discovery sanctions against Defendants. *See* DEs 71, 115, 144. Thus, Defendants have had sufficient notice as to the Court's expectations regarding the discovery process. The Court will address those Orders as may be appropriate in due course.

Fla. June 10, 2011); *Duval v. Law Off. of Andreu, Palma & Andreu, PL*, No. 09-22636-CIV, 2010 WL 1998358, at *2 (S.D. Fla. May 19, 2010).

In light of the foregoing, the Court **ORDERS** as follows:

1. The Court hereby awards attorney's fees and costs in favor of Plaintiff to be paid by Defendants, Ronald L. Rubin and Darrell Horn, and Defendants' counsel who signed the Motion to Quash, Kenneth D. Lemoine, Esq.

2. In order to assist the Court in determining a reasonable award of attorney's fees and costs pursuant to this Order, Plaintiff shall file an appropriate affidavit with the Court on or before **April 22, 2022**, documenting all attorney's fees and costs incurred as a result of drafting her response to Defendants' Motion to Quash [DE 118], drafting her Response to Defendants' Show Cause Response [DE 149], and reviewing this Court's Orders. The affidavit should include the amount of reasonable attorney's fees sought, hours expended, services rendered, and hourly rate sought.

3. Defendants shall have until on or before **April 29, 2022**, to file a response or objections to the hourly rate claimed by Plaintiff's counsel and the number of hours incurred by Plaintiff's counsel.

4. Thereafter, Plaintiff shall have until on or before **May 3, 2022**, to file any reply to Defendants' response. The Court will then determine the amount of reasonable attorney's fees and costs and enter a further written Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 15th day of April, 2022.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge