UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-82014-MARRA/MATTHEWMAN

LUCILLE RUBIN, as purported sole officer
and director and a member of the Walter and
Lucille Foundation, Inc.,

      Plaintiff,

vs.

RONALD L. RUBIN, individually and as
member and director of the Walter and
Lucille Rubin Foundation, Inc., and
DARRELL (a/k/a DARYL) HORN,
individually and as director of the Walter
and Lucille Rubin Foundation, Inc.,

      Defendants.

_____/

FILED BY_____KJZ_____D.C.

**Aug 17, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**ORDER DISCHARGING ORDER TO SHOW CAUSE AND DECLINING TO IMPOSE
AN AWARD OF ATTORNEY'S FEES AND COSTS AGAINST PLAINTIFF AND HER
COUNSEL PER FED. R. CIV. P. 37(a)(5)(B)**

**THIS CAUSE** is before the Court upon Plaintiff, Lucille Rubin ("Plaintiff") and Her

Counsel's Response to Order to Show Cause [DE 165], Defendants, Ronald L. Rubin and Darrell

Horn's Response to Plaintiff's Show Cause Response [DE 168], and Defendant Ronald L. Rubin's

Reply to Plaintiff's Show Cause Response [DE 169]. This matter was referred to the Undersigned

by the Honorable Kenneth A. Marra, United States District Judge. [DE 16].

In the Court's Order dated April 28, 2022 [DE 159], the Court denied Plaintiff's Motion to

Quash Subpoenas to Dr. Walter C. Martinez ("Motion to Quash") [DE 123]. The Court further

ruled as follows

1

Finally, pursuant to Federal of Civil Procedure 37(a)(5)(B), the Court hereby **ORDERS** Plaintiff and her counsel who filed this Motion [DE 123] to **SHOW CAUSE** on or before **May 5, 2022**, why they should not be required to pay Defendants their reasonable expenses incurred in opposing the Motion, including attorney's fees. Defendants shall be permitted to respond on or before **May 10, 2022**. No reply shall be filed. Upon review of the parties' papers, a further Order shall be entered.

[DE 159].

Plaintiff and her counsel filed a timely Response to Order to Show Cause [DE 165]. They explain that, before filing the Motion to Quash, Plaintiff's counsel conferred with two of Plaintiff's children in an attempt to determine "whether and for what reason Plaintiff may have seen Dr. Martinez." *Id.* at 1–2. One of Plaintiff's children then contacted Walter Rubin's personal assistant to make the same inquiry. *Id.* at 2. No one knew why Plaintiff saw Dr. Martinez or "what information was contained in whatever medical records existed." *Id.* at 2. Furthermore, Plaintiff could not recall seeing Dr. Martinez or for what purpose. *Id.* Plaintiff and her counsel assert that they did not withhold records and raised a good-faith objection because the subpoena at issue requested all of Plaintiff's medical records, and Plaintiff and her counsel did not know what records Dr. Martinez would have. *Id.* Plaintiff and her counsel argue that the Motion to Quash was substantially justified and point out that they requested *in camera* review as an alternative to quashing the subpoena. *Id.* at 3.

In their response, Defendants Ronald L. Rubin and Darrell Horn assert that one of the major issues in this case is the capacity of Plaintiff and that Plaintiff's children could have visited Dr. Martinez's office to obtain the records. [DE 168 at 1–2]. According to Defendants, since "Plaintiff and her counsel had significant evidence of the Plaintiff's Alzheimer's and dementia diagnosis," Plaintiff and her counsel "knew or should have known that Dr. Martinez's records would support

more of the same diagnosis and were clearly relevant to these proceedings." *Id.* at 3.

In Defendant Ronald L. Rubin's reply, which he filed in his individual capacity, he argues that a central issue in this case is Plaintiff's capacity, and Dr. Martinez's records are clearly relevant to this case. [DE 169 at 1–2]. Defendant maintains that the Motion to Quash was not brought in good faith because "[s]ince Lucille's daughters had power of attorney, they could have called Dr. Martinez's office and inquired as to the purpose of Lucille's 2019 visit. Such a simple phone call would have informed them of the purpose of Lucille's visit without even requesting Lucille's medical records, which their power of attorney allowed them to obtain." *Id.* at 2. Defendant also argues that "there were other clear indications of the purpose of Lucille's visit, including the name of Dr. Martinez's business" and that "[a]t best, Plaintiff did not make a reasonable effort to learn the purpose of Lucille's 2019 visit to Dr. Martinez; more likely, Plaintiff had no doubt about the purpose of that visit." *Id.* According to Defendant, Plaintiff forced the Court to conduct an unnecessary *in camera* review of the subpoenaed documents. *Id.* at 3.

> Federal Rule of Civil Procedure 37(a)(5)(B) states that, if a discovery motion is denied,
>
> the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). "[A] motion to compel is substantially justified so long as there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also Celestine v. Cap. One*, No. 17-

20237-CIV, 2018 WL 8264593, at *3 (S.D. Fla. Mar. 27, 2018).

Here, Plaintiff and her counsel have established that the Motion to Quash was substantially justified and that other circumstances make an award of expenses unjust.[1] First, there is no concrete evidence that Plaintiff or her counsel knew why she saw Dr. Martinez or that they tried to prevent Defendants from obtaining relevant records. In their papers, Defendants simply point to circumstantial evidence and claim that Plaintiff and her counsel should have known that the records would be relevant to the claims and defenses in this case. This argument is insufficient and is rejected.

Second, Plaintiff's counsel has established that counsel did take appropriate steps to try to determine why Plaintiff saw Dr. Martinez and what medical records Dr. Martinez would have regarding Plaintiff. Plaintiff's children were under no obligation to call Dr. Martinez's office and ask about Plaintiff's visit or go obtain the records themselves.

Third, Plaintiff did alternatively request that the Court "make a private examination of the disputed materials to determine whether they are relevant and proportional to such an extent that Plaintiff's confidential and privileged medical records should be produced." [DE 123 at 3]. And the Court granted this alternative relief. The Court did find the records to be relevant, but it does not find herein that the *in camera* review itself was unnecessary or a waste of judicial resources. The request for *in camera* review was prudent and reasonable.

In sum, the Court finds that the Motion to Quash contained a genuine dispute and that reasonable people could differ as to the appropriateness of the Motion to Quash. Under the facts

---

[1] The Court did impose attorney's fees and costs against Defendants and their counsel in connection with the filing of a motion to quash. [DE 150]. However, the circumstances here are clearly distinguishable.

and circumstances, an award of attorney's fees and costs would be unjust. Therefore, the Court will not enter an award of attorney's fees and costs against Plaintiff or her counsel at this juncture.

The Court does, however, expect the parties to confer in good faith before any further discovery motions are filed in this case to streamline the discovery process. The Court will not allow incessant discovery bickering between the parties' counsel and expects all counsel to act in a professional and cooperative manner during the discovery process.

In light of the foregoing, the Court **ORDERS** as follows:

1. The Court declines to enter an award of attorney's fees and costs in favor of Defendants to be paid by Plaintiff and/or Plaintiff's counsel.

2. The Court's Order to Show Cause [DE 159] is hereby DISCHARGED.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 17th day of August, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge