UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-82014-MARRA/MATTHEWMAN

LUCILLE RUBIN, as purported sole officer and director and a member of the Walter and Lucille Foundation, Inc.,

    Plaintiff,

vs.

RONALD L. RUBIN, individually and as member and director of the Walter and Lucille Rubin Foundation, Inc., and DARRELL (a/k/a DARYL) HORN, individually and as director of the Walter and Lucille Rubin Foundation, Inc.,

    Defendants.
_____/

FILED BY ___KJZ___ D.C.

Aug 24, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER AWARDING ATTORNEY'S FEES TO PLAINTIFF AND AGAINST DEFENDANTS AND THEIR COUNSEL

THIS CAUSE is before the Court upon the (1) Declaration in Support of an Award of Attorney's Fees Incurred Regarding Defendants' Motion to Quash [DE 155] filed by Plaintiff, Lucille Rubin ("Plaintiff"); (2) Defendants, Ronald R. Rubin and Darrell Horn's ("Defendants") Response [DE 161]; and (3) Plaintiff's Reply [DE 164]. This matter was referred to the Undersigned by the Honorable Kenneth A. Marra, United States District Judge. [DE 16]. The Court has carefully reviewed the filings and the Court's prior Orders, as well the entire docket in this case.

1

## BACKGROUND

On March 9, 2022, Defendants filed a Motion to Quash Subpoenas [DE 112]. On April 5, 2022, the Court denied the Motion to Quash Subpoenas and required that Defendants and their counsel show cause as to why they should not be required to pay Plaintiff her reasonable expenses in opposing the Motion to Quash Subpoenas, including attorney's fees, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B). [DE 145]. Defendants and their counsel filed a timely Response to Order to Show Cause [DE 147], in which they argued that an award of attorney's fees against them and in favor of Plaintiff would be unjust.

On April 15, 2022, upon review of the Response to Order to Show Cause and Plaintiff's response thereto, the Court entered an Order Imposing Attorney's Fees and Costs against Defendants and Their Counsel per Fed. R. Civ. P. 37(a)(5)(B). [DE 150]. The Court awarded attorney's fees and costs in favor of Plaintiff to be paid by Defendants, Ronald L. Rubin and Darrell Horn, and Defendants' counsel who signed the Motion to Quash, Kenneth D. Lemoine, Esq. *Id.* at 4. The Court also required Plaintiff to file an appropriate affidavit documenting all attorney's fees and costs incurred as a result of drafting her response to Defendants' Motion to Quash [DE 118], drafting her Response to Defendants' Show Cause Response [DE 149], and reviewing this Court's Orders. *Id.* The Court explained that the affidavit should include the amount of reasonable attorney's fees sought, hours expended, services rendered, and hourly rate sought. *Id.* The Court also provided Defendants with an opportunity to respond to the affidavit and Plaintiff with an opportunity to reply. *Id.*

On April 18, 2022, Defendants appealed the Court's Orders at DE 145 and DE 150. [DE 152]. In light of the appeal, the Court stayed the Orders. [DE 154]. Despite the stay, the parties

timely filed the Declaration, response and reply regarding attorney's fees. [DEs 155, 161, 164]. As the two Orders were affirmed by the District Judge on August 23, 2022 [DE 180], this matter is now ripe for review. Plaintiff is claiming $6,332.00 in attorney's fees. [DE 155 at 2].

## LEGAL STANDARD

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)).

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id*. (citations omitted).

168 F.3d at 427.

1. **Reasonable Hourly Rate**

Robert W. Wilkins, Esq., filed a Declaration in Support of an Award of Attorney's Fees Incurred Regarding Defendants' Motion to Quash [DE 155]. According to the Declaration, Mr. Wilkins is claiming a rate of $690 per hour. *Id.* at 2. He is dual Board Certified by The Florida Bar in Civil Trial Law and Business Litigation. *Id.* at 1–2. Mr. Wilkins is also the chair of the Jones Foster, P.A. Litigation and Dispute Resolution Practice Area. *Id.* at 2.

Peter A. Sachs, Esq., also worked on this case. [DE 155 at 2]. He is claiming a rate of $690 per hour. *Id.* Mr. Sachs is a shareholder at Jones Foster and has been Board Certified by The Florida Bar in Civil Trial Law since 1992. *Id.*

Finally, Hanna Rubin, an associate attorney at Jones Foster, worked on this case and is seeking a rate of $290 per hour. [DE 155 at 2]. She was admitted to the Florida Bar in 2021 and previously worked as an intern and extern for a U.S. Magistrate Judge in the Southern District of Florida. *Id.*

Defendants explicitly "do not contest the hourly rates of Plaintiff's attorneys." [DE 161 at 1]. Based upon the record evidence, the docket, and the Court's own experience in assessing the reasonableness of attorney's fees, this Court finds that an hourly rate of $690 is reasonable for Mr. Wilkins and Mr. Sachs and an hourly rate of $290 is reasonable for Ms. Rubin, especially since Defendants and their counsel do not object to the rates at this juncture. The Court is not making any finding that these same rates shall be applied if there is a post-judgment motion for attorney's fees filed in this case.

2. **Number of Hours Reasonably Expended**

Next, the Court must determine whether the hours billed were reasonable. In his Declaration, Mr. Wilkins claims that the three attorneys spent a total of 10.8 hours "researching,

reviewing records, and drafting Plaintiff's Response to the Defendants' Motion to Quash Subpoenas [DE 118], Plaintiff's Response to Defendants' Show Cause Response [DE 149], and reviewing the Court's Orders relating to the Motion to Quash, along with research and review of records on same." [DE 155 at 2]. Mr. Wilkins has also submitted time records [DE 155-1].

In response, Defendants and their counsel contest the number of hours claimed. [DE 161 at 1]. Defendants argue that Mr. Wilkins appears to have duplicated work done by Ms. Rubin "at almost the same amount of time, and even went so far as to review the cases that she cited in order to ensure that she cited them correctly." *Id.* at 2. Defendants contend that they "should not be compelled to pay for H. Rubin's training." *Id.* Defendants also object to paying 0.2 hours for Mr. Sachs to "have merely reviewed the Motion to Quash." *Id.* Finally, Defendants object to Mr. Wilkins spending 5.3 hours on Plaintiff's Response to Defendants' Response to Order to Show Cause as the document that Mr. Wilkins drafted was "just over three pages, including the case caption, one page of which [was] the reproduction of an excerpt from a hearing transcript." *Id.* at 3. In sum, Defendants request that the Court reduce the number of hours from 10.8 to 4.5 hours, for a total attorney's fees award of $3,105.00. *Id.*

The Court has independently reviewed the time entries to determine if the hours claimed are reasonable and if the time spent falls within the scope of recoverable tasks. The Court finds that the time claimed is within the scope of the award of attorney's fees, but the Court also finds that the time claimed is somewhat excessive and that the attorneys did seemingly duplicate some of the legal work. For example, Plaintiff's counsel billed 5.3 hours preparing the Response to Order to Show Cause [DE 47] and reviewing the hearing transcript and other documents. However, the Response to Order to Show Cause was neither lengthy nor overly complex.

5

Additionally, it does appear that some of Ms. Rubin's and Mr. Wilkins' work did overlap as argued by Defendants.

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices; it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350 (citing *Loranger*, 10 F.3d at 783); *Freestream Aircraft USA Ltd. v. Chowdry*, No. 16-CV-81232, 2017 WL 4785458, at *1 (S.D. Fla. Oct. 20, 2017). Here, the undersigned finds that an across-the-board reduction in hours is appropriate in this case to account for the excessive and duplicative hours billed. The Court will reduce the hours claimed by 20%. Thus, the total fee award is $649.60 for Ms. Rubin, $4,305.60 for Mr. Wilkins, and $110.40 for Mr. Sachs in light of the reduction of hours. The total fee award for all attorneys is $5,065.60.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Defendants, Ronald L. Rubin and Darrell Horn, and Defendants' counsel who signed the Motion to Quash, Kenneth D. Lemoine, Esq., are ORDERED to pay, and shall pay, Plaintiff her attorney's fees in the total amount of $5,065.60.

2. Defendants and Mr. Lemoine are ORDERED to make such payment to Plaintiff's counsel on or before **September 7, 2022**. The payment shall be made to the trust account of Jones Foster, P.A., and delivered or mailed to Jones Foster, P.A.., so that it is received by the due date.

3. On or before **September 12, 2022**, Plaintiff's counsel shall advise the Court whether the payment has been made in full by Defendants and Mr. Lemoine as directed in this Order.

If payment has not been made in full, Plaintiff shall have leave to file a motion seeking appropriate further relief.

**DONE AND ORDERED** in Chambers this 24th day of August, 2022 at West Palm Beach, Palm Beach County, in the Southern District of Florida.

WILLIAM MATTHEWMAN
United States Magistrate Judge